THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY L. HIGGINS,<br><br>    Plaintiff,<br><br> v.<br><br>THE POLYCLINIC, *et al.*,<br><br>    Defendants. | CASE NO. C23-0226-JCC<br><br>ORDER |

  This matter comes before the Court on *sua sponte* pre-service section 1915(e)(2)(B) review of Plaintiff's complaint (Dkt. No. 5). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis*, (Dkt. No. 1), which the Honorable S. Kate Vaughan, United States Magistrate Judge, granted (Dkt. No. 4). Plaintiff also filed an application for court-appointed counsel. (Dkt. No. 1.) Under 28 U.S.C. section 1915(a), the Court must review and dismiss before service the lawsuit of any person seeking to proceed *in forma pauperis* if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S. C. § 1915(e)(2)(B).

  To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* pleadings to a less stringent standard than ones drafted by lawyers and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless the deficiencies of the complaint clearly could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1006 (9th Cir. 1995).

Plaintiff alleges Defendants The Polyclinic, Dr. Frank Isik, and Chad Beck violated her Due Process rights. (Dkt. No. 5 at 1.) She further alleges that Defendants lied in court filings, signed fraudulent documents, harassed Plaintiff, threatened Plaintiff with a lawsuit, and threatened to "take any present and[/or] future settlements [she] may get." (*Id.*) She alleges that these events occurred during a prior 2019 District Court proceeding and a King County small claims court proceeding. (*See id.*)

However, Plaintiff does not explain how Defendants violated her Due Process rights. In fact, Plaintiff fails to put forth *any* legal theory, let alone a cognizable one. Instead, she makes cursory allegations, followed by 23 pages of exhibits, which include an unsent letter to the judge who oversaw the small claims court proceeding (*see* Dkt. No. 5 at 2), communications related to the small claims court case, and documents from the District Court case. Because Plaintiff states no claim for relief, the Court DISMISSES the complaint with prejudice.[1] Moreover, because the complaint is dismissed, Plaintiff's request for court appointed counsel (Dkt. No. 6) is DENIED as moot.

//

//

---

[1] Because Plaintiff fails to state *any* claim for relief, it is clear that providing leave to amend would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted)

ORDER
C23-0226-JCC
PAGE - 2

1    DATED this 23rd day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE